UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-21493-KMM

LOUDY PETITHOMME,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
                                    /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Loudy Petihomme's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence, ("Mot.") (ECF No. 1), and Memorandum in support thereof ("Memorandum") (ECF No. 3), pursuant to 28 U.S.C. § 2255. The United States of America ("Government") has filed a response. ("Resp.") (ECF No. 8). Movant filed a reply. ("Reply") (ECF No. 13). The Court referred the matter to the Honorable Jacqueline Becerra, United States Magistrate Judge. (ECF No. 6). Magistrate Judge Becerra subsequently recused herself and referred the matter to the Honorable John J. O'Sullivan, United States Magistrate Judge. (ECF No. 16). Magistrate Judge O'Sullivan issued a Report and Recommendation recommending that Movant's Motion be DENIED. ("R&R") (ECF No. 17). Movant filed Objections to the R&R. ("Obj.") (ECF No. 18). The Government filed a Response to Movant's Objections. ("Obj. Resp.") (ECF No. 19). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Movant contends that his trial counsel in the underlying criminal proceedings rendered ineffective assistance of counsel by failing to object to a business of money laundering sentencing enhancement that was applied to Movant's sentence. *See generally* Mot. Movant has also requested an evidentiary hearing on the issues raised in his Motion. ("Mot. for Hearing") (ECF No. 11). In the R&R, Magistrate Judge O'Sullivan recommends that both Movant's Motion and request for an evidentiary hearing be DENIED. The Court agrees.

As set forth in the R&R, Magistrate Judge O'Sullivan recommends that the Motion be denied because Movant's claim of ineffective assistance of counsel fails under both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984). R&R at 17. Magistrate Judge O'Sullivan notes that "[b]y his own admission in the Stipulated Factual Proffer, [Movant] used accounts in the names of Mondiales Enterprise, Inc., PDU Enterpri$e Inc. (a/k/a PDU Enterprise Inc.), PDU Global LLC, and Millenial Development Inc. to launder victim funds." Factual Proffer (Cr. ECF No. 84) at 4. Additionally, Movant agreed at his plea hearing that the Government would be able to prove Counts 1 and 5 of the Superseding Indictment beyond a reasonable doubt. R&R at 14 (citing Plea Tr. (ECF No 159) at 30–35). Notably, these two counts were: (1) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and (2) money laundering in violation of 18 U.S.C. § 1957, respectively. (ECF No. 68). Magistrate Judge O'Sullivan considered the factors under USSG §2S1.1, Application Note 4(A) and found that Movant stipulated to facts which

satisfy four of the six factors. R&R at 17. Therefore, Magistrate O'Sullivan found that the failure of Movant's trial counsel "to raise a factual objection to the business of laundering funds enhancement does not constitute deficient performance where, as here, the movant stipulated to facts that satisfy four of the six non-exhaustive list of factors that warrant application of the enhancement." R&R at 17. In sum, Magistrate Judge O'Sullivan found that:

> The Stipulated Factual Proffer, the [M]ovant's testimony during the plea hearing wherein he agreed that the Government could prove the proffered facts beyond a reasonable doubt to convict him of Count 1 and Count 5 of the Superseding Indictment, and the PSI reveal that the movant (i) regularly engaged in laundering funds (ii) during an extended period of time; (iii) from multiple sources, and (iv) he generated a substantial amount of revenue in return for laundering funds.

R&R at 14. Thus, Magistrate Judge O'Sullivan found that Movant's claim of ineffective assistance of counsel failed under *Strickland*'s first prong—which requires a showing that counsel's performance falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88. Further, under the second prong of *Strickland*, which requires a showing of prejudice, Magistrate Judge O'Sullivan found that "Movant has failed to show prejudice, that is, that there is a reasonable probability that the outcome would have been different (i.e. a lower sentence)." R&R at 17 (citing *Strickland*, 466 U.S. at 687–88). For these reasons, Magistrate Judge O'Sullivan recommends that Movant's Motion be denied. *Id.*

Movant has offered objections to Magistrate Judge O' Sullivan's recommendation. *See generally* Objections. Movant argues that his trial counsel "ignored the lack of facts to support the business of laundering funds enhancement and failed to adequately argue that he was not in the business of laundering funds inasmuch as he was involved in other businesses." *Id*. at 4. Movant argues that agreeing to a factual proffer that the Government could "prove the proffered facts beyond a reasonable doubt to convict him of Count 1 and Count 5 of the Superseding Indictment does not mean that the Government can prove that a particular sentencing enhancement

3

may or may not apply." *Id*. at 5. Movant also argues that the four-level enhancement for being in the business of money laundering is not appropriate because the Presentence Investigation Report (PSR") reflects that he laundered a total under $1.5 million. *Id*. at 6. Movant contends that if his trial counsel had summed the amounts listed in the PSR, it would have changed the offense level and, thus, impacted the sentencing range. *Id*.

Movant also objects to Magistrate Judge O'Sullivan's reliance on the plea hearing for the application of the sentencing enhancement because any statements at the plea hearing came before the sentencing hearing—which is the temporal focus of Movant's Motion. *Id*. at 7. In particular, Movant focuses on Magistrate Judge O'Sullivan's reliance on the fact that Movant said he was satisfied with his counsel during his plea colloquy. *Id*. Movant contends that Movant's counsel's performance up to the plea colloquy has no bearing on whether counsel was effective during the sentencing hearing. *Id*. Movant also contends that the fact the Government reserved the right to argue a sentencing enhancement for money laundering in the plea agreement should have given Movant's counsel a "heads-up" that he should have prepared more competently. *Id*.

Movant also contends that Magistrate Judge O'Sullivan's reliance on the factual proffer was misplaced because it does not support that Movant was "in the business of money laundering." *Id*. at 8. Movant argues that the proffered facts, which include that Movant opened up several corporate entities through which he laundered funds, does not mean he was in the "business of laundering money" because he also engaged in "legitimate business." *Id*. In other words, Movant contends that because he operated a legitimate thrift store, the business of money laundering enhancement should not apply. *Id*. at 8, 11. Movant also argues that the various transactions detailed in the factual proffer statement cannot support that Movant was in the business of laundering funds. *Id*. 9–11.

4

Additionally, Movant argues that the fact Movant's counsel's actual objection to the "in the business of money-laundering enhancement" is actually evidence of incompetence because the theory on which the objection was based was "legally insufficient." *Id*. at 12–13.

Finally, Movant argues that he was prejudiced by his trial counsel's alleged deficiencies because it resulted in him receiving a higher range for his sentence under the guidelines. *Id*. at 13.

In the Government's Response to Movant's Objections, the Government pointed to the various facts stipulated to by Movant in the Factual Proffer which support the application of the business of money laundering sentencing enhancement. Resp. at 3. The Government also cited to a number of cases supporting the application of the business of money laundering sentencing enhancement in Movant's case. *Id*. (citing *United States v. Pendleton*, 761 F. App'x 339, 355 (5th Cir. 2019) (affirming application of business of laundering enhancement where defendant laundered funds from several drug dealers over the period of a couple of years); *United States v. Arledge*, 524 F. App'x 83, 88 (5th Cir. 2013) (affirming application of business of money laundering enhancement where defendant laundered funds from numerous customers over a 2-year period); *United States v. Lazo*, 491 F. App'x 942, at *1 (11th Cir. 2012) (affirming application of business of money laundering enhancement where defendant laundered funds over a 4-month period)).

The Government also points out that Movant has not cited to any case law for the proposition that someone cannot receive a business of laundering funds sentencing enhancement while also operating a legitimate business. Resp. at 4. Relatedly, the Government points out that in 2016 and 2017, Movant's income from his "legitimate business" was only $9,944 per year. *Id*.

The Government also argues that Movant's argument that his counsel was deficient for failing to tally the loss amounts should be rejected because it is being raised for the first time in

5

Movant's objections. *Id*. at 5. The Government also argues that Movant failed to account for funds laundered through co-conspirator's accounts—which is warranted because a defendant is responsible for all reasonably foreseeable losses of jointly undertaken criminal activity. *Id*. (citing USSG § 1B1.3(a)(1)(B)). Thus, the Government contends that the business of money laundering sentencing enhancement was appropriately applied for an amount over $1.5 million because Movant stipulated that the amount of laundered funds, inclusive of the amount laundered by co-conspirators, exceeded $1.5 million. *Id*.

Having considered Movant's Objections and the Government's Response, the Court agrees with Magistrate Judge O'Sullivan that trial counsel's decision not to object to the application of the business of money laundering sentencing enhancement—in the manner Movant suggests would have been appropriate—does not constitute ineffective assistance of counsel under *Strickland*.

To begin, Movant cites no law or statute for the proposition that the owner of a legitimate business cannot be subject to the business of money laundering sentencing enhancement, nor is the Court aware of any. *See generally* Objections. Further, as noted by the Government, Movant's federal income from his "legitimate business" was only $9,944 in 2016 and 2017—which is dwarfed by the over $1.5 million dollars laundered by Movant and is co-conspirators. (Cr. ECF No. 109) ¶ 97; *see also* Factual Proffer at 4. Moreover, Movant "incorporated numerous corporate entities, including PDU Enterpri$e Inc. (a/k/a PDU Enterprise Inc.), PDU Global LLC, and Millenial Development Inc." through which Movant and his co-conspirators laundered. R&R at 3. It simply strains credulity for Movant to contend that the business of money laundering sentencing enhancement should not apply to him because he also happened to engage in legitimate business—particularly here where during two years within the relevant time frame, Movant's

money laundering activities eclipsed the income from his purportedly legitimate business. Thus, Movant's trial counsel did not render ineffective assistance of counsel for failing to object based on this theory.

Relatedly, Movant's assertion that Magistrate Judge O'Sullivan's reliance on the Factual Proffer was inappropriate because it does not support that Movant was "in the business of money laundering" is wholly without merit. In the Factual Proffer, Movant agreed that "had this case proceeded to trial [the Government] would have proven beyond a reasonable doubt the following facts pertaining to a violation of [18 U.S.C. § 1956(h), and (2) money laundering in violation of 18 U.S.C. § 1957]." Factual Proffer at 1. The Factual Proffer goes on to detail, at length, Movant's incorporation of various corporate entities and subsequent laundering of funds through these corporations, along with his co-conspirators. *See generally* Factual Proffer. Simply put, Magistrate Judge O'Sullivan was not unreasonable for relying on the Factual Proffer.

Relatedly, Movant's unsupported contention that the Court cannot apply a sentencing enhancement based on facts that Movant agreed the Government would be able to prove beyond a reasonable doubt at trial is utterly baseless. It is axiomatic in the criminal law that the Government's burden is to prove guilt beyond a reasonable doubt. The Court declines to find that Movant's trial counsel was unreasonable for failing to object on such grounds.

Movant's contention that he should have received a lesser sentence enhancement because he laundered less than $1.5 million is also meritless. Movant pled guilty to conspiracy to launder money and is responsible for funds laundered by his co-conspirators—an amount which exceeds $1.5 million. Factual Proffer at 4. Thus, Movant's trial counsel was not unreasonable for failing to raise this objection during Movant's sentencing hearing. Relatedly, Movant's objections

7

premised upon specific transactions that were facilitated through corporations not controlled by Movant are without merit because these transactions were effected by his co-conspirators.

Movant's objection to Magistrate Judge O'Sullivan's reliance on the plea hearing, and Movant's satisfaction with trial counsel up to that point, is also without merit. The fact that Movant indicated he was satisfied with trial counsel up through the point at which he pled guilty is relevant because the charges to which he plead guilty and facts to which he stipulated have a bearing on whether the application of the business of money laundering sentencing enhancement should have been applied in the first place. Thus, it is relevant that Movant was satisfied with his counsel at his chance of plea hearing and Movant's objection on these grounds is rejected.

Movant's suggestion that his trial counsel should have prepared more competently after having been made aware that the Government intended to argue for the business of money laundering sentencing enhancement is also without merit. This argument presumes that the application of the business of money laundering sentencing enhancement was wrong to begin with. Movant has not shown that this sentencing enhancement was wrongfully applied to his sentence. Thus, his trial counsel did not render ineffective assistance of counsel for failing to prepare an objection to a sentencing enhancement that was, by all indications, appropriate in Movant's case.

Lastly, Movant's contention that Magistrate Judge O'Sullivan was incorrect in finding that Movant was not prejudiced is without merit because, for the reasons discussed above, Movant has not shown that the business of money laundering sentencing enhancement is applied incorrectly in his case.

Turning next to the Movant's request for an evidentiary hearing. *See* Mot. for Hearing. In the R&R, Magistrate Judge O'Sullivan denied Movant's request for a hearing. R&R at 10. "To be entitled to an evidentiary hearing on a section 2255 habeas claim, the petitioner must allege

facts that, if proved at the hearing, would entitle him to relief." *Id*. (citing *Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007) (holding that "if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing"). "The Court must hold an evidentiary hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id*. (citing 28 U.S.C. § 2255; *see also Anderson v. United States*, 948 F.2d 704, 706 (11th Cir. 1991)). An evidentiary hearing is not required "when the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 19790)). The "decision to grant an evidentiary hearing [is] left to the sound discretion of [the] district courts." *Schriro*, 550 U.S. at 473 (citations omitted). "[A] federal court must consider 10 whether such a hearing could enable an applicant to prove the petitioner's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474 (citation omitted). Magistrate Judge O'Sullivan found that "[Movant] has not submitted any sworn statements outside the record to support his request for an evidentiary hearing and has failed to show that he would be entitled to relief. Thus, an evidentiary hearing is not warranted." R&R at 10.

Movant has objected to the recommendation that an evidentiary hearing on his Motion be denied. Obj. at 2. Movant argues that he is entitled to an evidentiary hearing under 28 U.S.C. § 2255. *Id*. Movant also argues that an evidentiary hearing is necessary because there are matters outside the record that demonstrate Movant is entitled to relief, such as "various communications between counsel and the Movant that should be presented to the Court as well as to show the proper context in which said communications were made." *Id*. at 2. Movant contends that an evidentiary hearing is warranted because "in this case the motion, files, and records of the case do

9

not conclusively show that the Movant is not entitled to the relief requested in his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255." *Id*. at 3. Movant further contends that it is necessary to put his former counsel under oath at an evidentiary hearing "to enable the Movant to demonstrate that there was no sound professional basis for the manner in which trial counsel presented the Movant's objection to the enhancement for 'being in the business of laundering money' in his filings and at the sentencing hearing." *Id*. at 2–3. Movant argues that a hearing is necessary because "Movant's claim of ineffective assistance of counsel cannot be considered frivolous, nor is it based upon unsupported generalizations or contradicted by the record." *Id*. at 3 (citing *Holmes*, 876 F.2d at 1552).

Here, simply put, there is no basis for finding that Movant's trial counsel rendered ineffective assistance of counsel by failing to object to the business of money laundering sentencing enhancement. As discussed above, Movant agreed that the Government would have been able to prove beyond a reasonable doubt at trial that he and his co-conspirators laundered over $1.5 million. *See generally* Factual Proffer. There is simply no basis for finding ineffective assistance of counsel under either prong of *Strickland*. Further, Movant's other arguments are either unsupported by law or without merit, for the reasons discussed above. Moreover, Movant's request for an evidentiary hearing is conclusory. Movant's bald assertion that "various communications"—which are not presently before the Court—would change the outcome of Movant's Motion under the *Strickland* analysis has no basis. Nor does Movant explain how testimony from his trial counsel would alter the outcome under *Strickland*. In sum, the Court finds that Movant's contention his trial counsel rendered ineffective assistance is "affirmatively contradicted by the record." *Holmes*, 876 F.2d at 1552. Movant has made no showing that an evidentiary hearing would entertain "factual allegations, which, if true, would entitle the applicant

to federal habeas relief." *Schriro*, 550 U.S. at 474 (citation omitted). Thus, the Court finds that Magistrate Judge O'Sullivan was correct in finding that an evidentiary hearing is not warranted." R&R at 10.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge O'Sullivan's R&R (ECF No. 156) is ADOPTED. Movant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 1) is DENIED. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this __28th__ day of June, 2020.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record